UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:22-cv-01813-ODW (GJSx) | Date | July 19, 2022 |
|---|---|---|---|
| Title | *Michelle Mills et al. v. Molina Healthcare, Inc.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**     **Order GRANTING Motion for Leave to File First Amended Complaint [33] and DENYING AS MOOT Defendants' Motion to Dismiss [37]**

On May 13, 2022, Plaintiff Michelle Mills and seven other employees of Defendant Molina Healthcare, Inc. (together, "Plaintiffs") moved for leave to amend their Complaint. (Mot. Leave File First Am. Compl. ("Motion" or "Mot."), ECF No. 33.) Molina does not oppose Plaintiffs' Motion.

Leave to amend should be granted "freely," "when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, and for the following reasons, the Court **GRANTS** Plaintiffs' Motion.

Plaintiffs, as representatives of beneficiaries of the Molina Salary Savings Plan (the "Plan"), bring suit against Molina for violations of the Employment Retirement Income Security Act ("ERISA"). (*See generally* Compl., ECF No. 1.) On May 16, 2022, Plaintiffs filed this Motion seeking to add NFP Retirement, Inc., the Plan fiduciary, as a defendant, along with additional factual allegations. (Mot. 2; *see id.* Ex. 2 ("Redlined First Am. Compl."), ECF No. 33-3.) Then, on May 16, 2022, Plaintiffs filed a new, separate case against NFP, asserting claims against NFP arising out of the same ERISA violations. *See generally* Compl., *Mills v. NFP Ret., Inc.*, No. 8:22-cv-00994-ODW (GJSx) (C.D. Cal filed May 16, 2022) ("*Mills II*"), ECF No. 1. Finally, on July 15, 2022, Plaintiffs and NFP filed a Joint Stipulation to Dismiss *Mills II* without prejudice. Of note, Plaintiffs and NFP "have agreed that they will stipulate in

[this matter, *Mills I*] that plaintiffs' claims against NFP shall be deemed to have been filed on May 1[6], 2022."[1] Joint Stipulation Dismiss Case 3, *Mills II*, ECF. No 32.

It is appropriate for the Court to grant leave to amend subject to this stipulation by NFP regarding the filing date. Beyond that, the Court makes no determinations regarding any issues related to the statute of limitations or the statute of repose.

Moreover, Molina's failure to oppose Plaintiffs' Motion supports granting leave to amend. "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of an unopposed motion pursuant to local rules). Molina received notice of this Motion, had ample opportunity to respond, and did not seek an extension of its time to oppose. Accordingly, pursuant to Local Rule 7-12 and Ninth Circuit precedent, the Court construes Molina's failure to respond to Plaintiffs' Motion as consent to the Court granting the Motion.

Given that NFP agrees to the amendment and Molina does not oppose, the Court grants leave to amend and correspondingly **GRANTS** Plaintiffs' Motion. Fed. R. Civ. P. 15(a)(2); (ECF No. 33). The claims against NFP will be deemed to have been initially filed against NFP on May 16, 2022. Within **three (3) days** of this order's issuance, Plaintiffs shall file a clean, separate copy of the First Amended Complaint as proposed. Defendants shall answer or otherwise respond within **twenty-one (21) days** of the date of actual or presumed service; the parties should review Central District Local Rule 15-3 and ensure compliance.

Finally, the Court notes that, on May 27, 2022, Molina filed a Motion to Dismiss Plaintiffs' initial Complaint. (Mot. Dismiss, ECF No. 37.) As Molina's pending Motion to Dismiss was based on a complaint that is no longer operative, the Court **DENIES** Molina's Motion to Dismiss **AS MOOT**. (ECF No. 37.) *See Corona v. PNC Fin. Servs. Grp., Inc,*, No. 2:20-cv-06521-MCS (SPx), 2020 WL 7872203, at *1 (C.D. Cal. Nov. 18, 2020) (denying as moot a motion to dismiss directed toward a superseded complaint).

**IT IS SO ORDERED.**

                                                              : 00

Initials of Preparer    SE

---

[1] The Stipulation in *Mills II* contains several instances of the date "May 16, 2022" as the stipulated filing date and one instance of the date "May 13, 2022" on the last page. The Court assumes that this single instance of "May 13, 2022" is a scrivener's error.