1 | Jerome J. Schlichter (SBN 054513)
jschlichter@uselaws.com
2 | Nathan D. Stump (*pro hac vice* pending)
nstump@uselaws.com
3 | Sean E. Soyars (admitted *pro hac vice*)
ssoyars@uselaws.com
4 | Kurt C. Struckhoff (admitted *pro hac vice*)
kstruckhoff@uselaws.com
5 | SCHLICHTER BOGARD & DENTON LLP
100 South Fourth Street, Suite 1200
6 | St. Louis, MO 63102
Telephone: (314) 621-6115
7 | Facsimile: (314) 621-5934

8 | William H. Edmonson (SBN 243445)
will@whelawfirm.com
9 | Law Office of Will Edmonson
9157 Sunset Boulevard, Suite 213
10 | West Hollywood, CA 90069
Telephone: (424) 248-9581

*Local Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHELLE MILLS, COY SARELL, CHAD WESTOVER, BRENT ALESHIRE, BARBARA KERSHNER, PAULA SCHAUB, and JENNIFER SILVA, individually and as representatives of a class of participants and beneficiaries on behalf of the Molina Salary Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>MOLINA HEALTHCARE, INC., THE BOARD OF DIRECTORS OF MOLINA HEALTHCARE, INC., THE MOLINA SALARY SAVINGS PLAN INVESTMENT COMMITTEE, and NFP RETIREMENT, INC.,<br><br>Defendants. | Case No. 8:22-cv-01813-SB-GJS<br><br>**JOINT RULE 26(f) REPORT**<br><br>Judge: Hon. Stanley Blumenfeld Jr.<br>Courtroom: 6C<br><br>Scheduling Conf.: Sept. 16, 2022 8:30 AM<br><br>Original Compl.: Mar. 18, 2022<br>Amended Compl.: May 13, 2022<br>Resp. Pleading: Aug. 23, 2022<br>Trial (Proposed): Dec. 11, 2023 |

On behalf of plaintiffs Michelle Mills, Coy Sarell, Chad Westover, Brent Aleshire, Barbara Kershner, Paula Schaub, and Jennifer Silva (together, "Plaintiffs"); defendants Molina Healthcare, Inc. ("Molina"), the Board of Directors of Molina Healthcare, Inc., the Molina Salary Savings Plan Investment Committee ("Committee") (together, the "Molina Defendants"); and defendant NFP Retirement, Inc. ("NFP") (collectively, the "Parties"), Plaintiffs respectfully submit the following report of the Parties' meeting under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1. The Parties, through counsel, conferred as required by Rule 26(f) and the Local Rules on August 31, 2022.

1. **SUBJECT MATTER JURISDICTION**

This Court has exclusive jurisdiction over the subject matter of this action under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because it is an action under 29 U.S.C. § 1132.

2. **STATEMENT OF THE CASE**

   i. **Plaintiffs' Response**

Plaintiffs, individually and as representatives of a class of participants and beneficiaries of the Molina Salary Savings Plan ("the Plan"), bring this action under 29 U.S.C. § 1132(a)(2) and (a)(3) on behalf of the Plan against Defendants Molina Healthcare, Inc., the Board of Directors of Molina Healthcare, Inc., the Molina Salary Savings Plan Investment Committee, and NFP Retirement, Inc. to recover all losses from each alleged breach of fiduciary duty in the management of the Plan. The Plan is an individual account, defined contribution retirement plan under 29 U.S.C. § 1002(2)(A) and § 1002(34). ECF No. 43 ¶8. As of December 31, 2015, the Plan had $305 million in assets and 13,303 participants with account balances, and by December 31, 2020, the Plan had $741 million in assets and 15,686 participants with account balances. *Id.* ¶10.

Plaintiffs presently assert four counts against Defendants: (1) the Molina Defendants and NFP violated their duties imposed by 29 U.S.C. § 1104(a)(1)(A)–

(B) by causing the Plan to invest in NFP's flexPATH collective investment trusts managed by flexPATH (Count I, ECF No. 43 ¶¶109–115); (2) Defendants violated their fiduciary duties by causing the Plan to invest in higher cost versions of Plan investments (Count II, *id.* ¶¶116–121); (3) the Molina Defendants failed to monitor the Plan's fiduciaries, including NFP (Count III, *id.* ¶¶122–127); and (4) Defendants allowed prohibited transactions to occur within the Plan related to the flexPATH Index target date funds (Count IV, *id.* ¶¶128–133). Plaintiffs seek to represent a class of Plan participants and beneficiaries from March 18, 2016 through the date of judgment, excluding Defendants. *Id.* ¶99.

## ii.    **Defendants' Response**

This putative class action is brought under 29 U.S.C. § 1132(a)(2) and (a)(3) by current and former participants of the Molina Salary Savings Plan (the "Plan"), who allege that the Molina Defendants and NFP breached their fiduciary duties and engaged in transactions prohibited by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA").

Plaintiffs filed a complaint against Molina Healthcare, Inc. and ten Doe defendants on March 18, 2022. Compl., ECF No. 1. The case was assigned to Judge Wright of this Court. ECF No. 5. Molina moved to dismiss the complaint on May 27, 2022. ECF No. 37. On July 19, 2022, the Court granted Plaintiffs leave to file an amended complaint. ECF No. 42.  On July 21, 2022, Plaintiffs filed their First Amended Complaint, adding Molina's Board of Directors, Molina's Investment Committee, and NFP as Defendants, and dropping the Doe Defendants. ECF Nos. 42, 43, 47. The Molina Defendants and NFP separately moved to dismiss the First Amended Complaint ("FAC") on August 23, 2022. ECF Nos. 58, 60.  On August 24, 2022, Judge Wright entered an order to reassign the case due to self-recusal. ECF No. 62. The case was reassigned to Your Honor on August 24, 2022. ECF No. 63.

Plaintiffs allege four claims in their FAC. The first claim is that the Defendants breached their fiduciary duties under 29 U.S.C. § 1104(a)(1) through their

involvement in the offering of the flexPATH Index Target Date Funds ("flexPATH Funds") as the Plan's target-date fund option and qualified default investment alternative. FAC ¶¶ 107–15 (Count I). The second claim is that the Defendants breached their fiduciary duties under 29 U.S.C. § 1104(a)(1) by allowing the Plan to offer investments with allegedly higher fees than those available in the market. FAC ¶¶ 116–21 (Count II). The third claim is that Molina and Molina's Board of Directors breached their fiduciary duties by failing to monitor Plan fiduciaries. FAC ¶¶122–127 (Count III). The fourth claim is that Defendants engaged in prohibited transactions under 29 U.S.C. § 1106 by allowing the Plan to invest in the flexPATH Funds. FAC ¶¶ 130–31 (Count IV).

Defendants have not asserted any counterclaims and have not yet answered or asserted affirmative defenses. Among other potential affirmative defenses, Defendants intend to assert that any claims related to the selection of the flexPATH Funds are time-barred under ERISA's six-year statute of repose, 29 U.S.C. § 1113. They also intend to argue that they are not liable under Count I because a third party, flexPATH Strategies, LLC, was delegated discretionary authority to select and monitor the Plan's default investment alternative.

### 3. DAMAGES AND INSURANCE

#### a. Damages

##### i. Plaintiffs' Response

Plaintiffs realistically estimate they can prove losses to the Plan under 29 U.S.C. § 1109(a) in excess of $18 million from Defendants' fiduciary breach in causing the Plan to use the flexPATH Index target date funds and higher-cost versions of the Plan's investments. If Plaintiffs prevail in this action, Plaintiffs will seek attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and appropriate equitable relief as ordered by the Court.

   **ii. Defendants' Response**

Defendants deny that Plaintiffs are entitled to any recovery. If any Defendant prevails in this action, it may be entitled to an award of attorneys' fees and other costs incurred in connection with the defense of this action, pursuant to ERSA § 502(g), 29 U.S.C. § 1132(g), as well as any additional relief that may be provided by the Court.

 **b. Insurance**

   **i. Plaintiffs**

There are no applicable insurance agreements from Plaintiffs.

   **ii. Molina Defendants' Response**

The Molina Defendants have insurance coverage sufficient to cover Plaintiffs' estimated provable damages and the primary carrier has issued a reservation of rights.

   **iii. NFP's Response**

NFP has insurance coverage sufficient to cover Plaintiffs' estimated provable damages.

**4. PARTIES AND EVIDENCE**

   **i. Plaintiffs' Response**

The Parties in this case are Plaintiffs Michelle Mills, Coy Sarell, Chad Westover, Brent Aleshire, Barbara Kershner, Paula Schaub, and Jennifer Silva, and Defendants Molina Healthcare, Inc., the Board of Directors of Molina Healthcare, Inc., the Molina Salary Savings Plan Investment Committee, and NFP Retirement, Inc. Based on newly-discovered evidence, Plaintiffs also intend to file a Second Amended Complaint adding flexPATH Strategies, LLC ("flexPATH") as a defendant.[1]

---

[1] Plaintiffs' Second Amended Complaint will also add a count against the Molina Defendants alleging a breach of fiduciary duty in the selection of flexPATH as the Plan's discretionary investment manager and address certain perceived deficiencies alleged in Defendants' motions to dismiss the First Amended Complaint. Leave of

Although Plaintiffs cannot anticipate all fact witnesses they will call at trial to support their claims in this case without the benefit of discovery, Plaintiffs presently anticipate that fact witnesses in this case will be: (1) the named Plaintiffs, all of whom are current or former Plan participants; (2) current and former Board and Committee members, including current and former employees of Molina Healthcare, Inc. involved in the administration of the Plan; (3) other current and former employees of the Defendants who provided (or assisted those in providing) services to the Plan during the relevant time period; (4) executives of NFP and flexPATH; and (5) third-party witnesses with knowledge of material facts relevant to the claims and defenses alleged. Plaintiffs also anticipate calling several expert witnesses in the fields of prudent fiduciary process, investment management, and damages.

Without the benefit of full document discovery, Plaintiffs cannot identify with specificity all documents they may use in support of their claims in this case. Plaintiffs presently anticipate that key documents in this case will be, among others: (1) documents governing the operation of the Plan, including the Plan document and related amendments, the Committee Charter(s) and related amendments, resolutions of the Board of Directors, and the investment policy statement(s) for the Plan; (2) fiduciary committee minutes and materials of Defendants, including those of the Committee, the NFP Investment Committee, and the flexPATH Investment Committee; (3) service provider agreements related to the Plan or the flexPATH Index target date funds, including those between the Molina Defendants and NFP and flexPATH; (4) communications of Defendants and flexPATH related to the

---

Court is not required. *See* Fed. R. Civ. P. 15(a)(1)(B) (permitting amendment once as a matter of course within 21 days after the filing of a responsive pleading); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006–07 (9th Cir. 2015) (holding that an amendment as of right can follow an amendment with leave of court and that "a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2)").

Plan; (5) documents pertaining to the relationship between NFP, flexPATH, and service providers to the flexPATH Index target date funds; (6) financial statements associated with the Plan and the flexPATH Index target date funds; (7) documents reporting the performance and expenses of Plan investments and alternatives to Plan investments; and (8) account statements of the named Plaintiffs and participant transactional data.

This list is not meant to be exhaustive, and Plaintiffs may seek to discover and introduce at trial documents and other evidence not listed herein.

### ii.     Molina Defendants' Response

The Molina Defendants agree with Plaintiffs' list of the current parties to the case. Molina Healthcare, Inc. is a publicly traded company, and no entity owns more than 10% of its stock.

The Molina Defendants anticipate that fact witnesses will include: (1) the named Plaintiffs; (2) current and former Committee members who served on the Committee from 2016 to 2020; and (3) employees of Molina, NFP, or flexPATH who assisted the Committee from 2016 to 2020. The Molina Defendants also intend to call expert witnesses in the fields of prudent fiduciary process, investment management, and damages.

Key documents on the main issues in the case include (1) documents governing the operation of the Plan from 2016 to 2020; (2) Investment Committee minutes and materials from 2016 to 2020; and (3) service provider agreements between Molina and NFP, and between Molina and flexPATH, in effect from 2016 to 2020.

### iii.    NFP's Response

NFP agrees with Plaintiffs' identification of the Parties. In presenting its case, NFP intends to rely on the same categories of witnesses and key documents identified above by Plaintiffs and the Molina Defendants. NFP also anticipates calling expert witnesses in the fields of prudent fiduciary process, investment management, and damages.

NFP does not have publicly-traded securities. NFP Ultimate Holdings, LLC is the ultimate parent company of NFP Corp, which is parent company of NFP Retirement Inc. NFP Ultimate Holdings, LLC is majority-owned by fund affiliates of Madison Dearborn Partners, LLC and HPS Investment Partners, LLC.

**5.     DISCOVERY**

    a.     **Status of Discovery**

        i.     **Plaintiffs' Response**

On May 6, 2022, by agreement between Plaintiffs and the Molina Defendants, the Molina Defendants produced to Plaintiffs certain agreed-upon information related to the administration of the Plan, including executive summaries and materials presented to the Committee, the contract with the Plan's investment advisor (NFP Retirement, Inc.), the Plan's investment policy statement, and other materials. ECF No. 33-1 at 2.

The Parties have exchanged Rule 26(a)(1) initial disclosures.

        ii.    **Molina Defendants' Response**

The Molina Defendants have produced to Plaintiffs over 2,900 pages of documents, including (1) Plan Committee meetings and materials; (2) agreements with service providers; (3) investment policy statements; (4) plan documents; (5) relevant committee charters; and (6) Plan fee disclosures. The Parties have exchanged Rule 26(a)(1) initial disclosures.

        iii.   **NFP's Response**

The aforementioned May 6, 2022 agreement between Plaintiffs and the Molina Defendants predates NFP's involvement in the case. To date, NFP has not participated in any discovery. The Parties have exchanged Rule 26(a)(1) initial disclosures.

    b.     **Discovery Plan**

        i.     **Joint Response**

**Confidentiality Order and Protocol Governing the Production of**

**Documents:** The Parties agree to reach an agreement and request that the Court enter a stipulated confidentiality and protective order and stipulated protocol governing the production of electronically stored information (ESI). To facilitate this process, Plaintiffs will provide Defendants drafts of these stipulations.

**Phased Discovery Plan**: The Parties propose that discovery be conducted in phases as set forth below:

<u>Phase 1 – Initial Discovery</u>: Upon the later of (a) forty-five (45) days after entry of the Court's scheduling order, or (b) fourteen (14) days after the entry of a stipulated confidentiality and protective order, Plaintiffs will produce agreed-upon documents identified in their Rule 26(a) initial disclosures, and Defendants will produce the following categories of documents: (1) documents governing the operation and administration of the Plan; (2) written agreements pertaining to the services provided to the Plan relevant to Plaintiffs' claims; (3) the Plan's investment policy statement(s); (4) the minutes, executive summaries and materials of relevant fiduciary committees of Defendants and flexPATH; (5) relevant organizational charts of Molina Healthcare and NFP; (6) participant fee disclosures provided under 29 C.F.R. § 2550.404a-5; (7) service provider fee disclosures under 29 C.F.R. § 2550.408b-2 pertaining to the Plan and Plan investments; (8) fund fact sheets and participant disclosures for the flexPATH Index target date funds; and (9) any applicable insurance agreements. Unless otherwise agreed to by the Parties, the relevant period for this initial document production will be March 18, 2015, through December 31, 2020.

<u>Phase 2 – Fact Discovery</u>: During Phase 2 discovery, the Parties will work cooperatively to determine the appropriate custodians, keywords, and other search protocols that govern the production of electronically stored information ("ESI") and any hard copy documents. All productions will be made in accordance with the anticipated stipulated confidentiality and protective order and ESI stipulation governing the production of documents in this matter, referenced above. The Parties

will also take fact witness depositions during this phase. Under the Parties' proposed pre-trial schedule (*see infra* Section 10), the last day of fact discovery will be June 5, 2023.

   Phase 3 – Expert Discovery: Once Phase 2 fact discovery is complete, the Parties will proceed with expert discovery. Under the Parties' proposed pre-trial schedule (*see infra* Section 10), the Parties will exchange their initial expert disclosures on or before July 3, 2023 and their rebuttal expert disclosures on or before July 31, 2023. The experts shall be deposed on or before the last day of expert discovery, August 14, 2023.

     **ii.**  **Plaintiffs' Supplemental Response**

**Changes to the limitations of discovery imposed by the Federal Rules of Civil Procedure:** Plaintiffs seek an enlargement of the 10-deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i). Specifically, Plaintiffs seek leave to take up to 15 depositions of fact witnesses, including Defendants' current and former employees and third party service providers. Given the complexity of this case, two (and likely three) corporate defendants, a fiduciary committee, a board of directors, and more than 10 individual committee members during the relevant time period, Plaintiffs submit that reserving up to 15 fact witness depositions is appropriate and warranted under the circumstances. *See Lauderdale v. NFP Retirement, Inc.*, No. 21-301 ECF No. 67 (C.D. Cal. May 5, 2021) (allowing 15 depositions per side in similar litigation).

   No additional limits will be placed on discovery beyond those expressly stated in the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and any orders of the Court, except that a party may serve on any other party no more than 30 requests for admission, including all discrete subparts, under the procedure established in Federal Rule of Civil Procedure 36.

   Under the Parties' proposed pre-trial schedule (*see infra* Section 10), the last day of fact discovery will be June 5, 2023.

### iii. Defendants' Supplemental Response

Any enlargement of the 10-deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i) is premature and should be reserved for a later date, when the Parties are able to discuss potential deponents and topics for depositions with greater specificity. *See, e.g.*, *Sydney Rieman v. Cty. of San Bernardino*, No. 520-CV-362-CBM-SPX, 2021 WL 8918563, at *2 (C.D. Cal. Dec. 21, 2021) (to exceed the 10-deposition limit set out in Rule 30, Plaintiffs must make a particularized showing of the need for additional discovery and obtain leave of court). Defendants are confident the Parties will be able to negotiate the appropriate parameters of discovery in good faith.

Defendants have no objection to Plaintiffs' proposed limitation on the number of requests for admission. The default discovery limits of the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and any other orders of this Court should otherwise govern.

## 6. LEGAL ISSUES

### i. Plaintiffs' Response

The key legal issues in this case will be as follows:

1. Did Defendants breach their fiduciary duties to the Plan, in violation of 29 U.S.C. § 1104(a)(1), by causing the Plan to invest in the flexPATH Index target date funds? (**Count I**)

2. Did Defendants breach their fiduciary duty of prudence to the Plan, in violation of 29 U.S.C. § 1104(a)(1)(B), by recommending or using investments with higher-cost shares, even though lower-cost share classes of the same investments were readily available? (**Count II**)

3. Did Molina Healthcare, Inc. and the Board of Directors of Molina Healthcare, Inc. breach their fiduciary duties to the Plan by failing to monitor other fiduciaries to the Plan over the use of the flexPATH Index target date funds and higher-cost Plan investments? (**Count III**)

4.  Did Defendants engage in a prohibited transaction, in violation of 29 U.S.C. § 1106, by causing the Plan to use the flexPATH Index target date funds? **(Count IV)**

5.  What losses did the Plan incur as a result of the fiduciary breaches and prohibited transactions alleged herein under 29 U.S.C. § 1109(a)?

6.  What other appropriate equitable relief should the Court grant to remedy the fiduciary breaches and prohibited transactions alleged herein?

7.  Should the Court certify the Plaintiffs as representatives of a class of current and former participants and beneficiaries of the Plan?

   **ii.**  **Defendants' Response**

The key legal issues in this case are:

1.  Whether Plaintiffs are entitled to a jury trial.

2.  Whether Plaintiffs are appropriate class representatives under Federal Rule of Civil Procedure 23.

3.  Whether a class can be certified under Federal Rule of Civil Procedure 23.

4.  Whether Plaintiffs' claims are barred by ERISA's six-year statute of repose. *See* 29 U.S.C. § 1113.

5.  The extent of each Defendant's fiduciary responsibilities with respect to the actions alleged by Plaintiffs. See 29 U.S.C. §§ 1002(21), 1002(38), 1105.

6.  Whether Defendants, in acting in any fiduciary capacity with regard to Plaintiffs' claims, acted with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims, and in accordance with applicable Plan documents, such that they cannot be liable under ERISA. *See* 29 U.S.C. § 1104.

7. Whether Plaintiffs have plausibly alleged that Plan fiduciaries lacked a prudent process for selecting and maintaining Plan investments.

8. Whether Plaintiffs have plausibly alleged that any Plan investment was imprudent considering the nature and circumstances of the investment.

9. Whether Plaintiffs have plausibly alleged that any Plan fiduciary acted in self-interest or engaged in a transaction on behalf of a party with interests adverse to the plan.

10. Whether any loss suffered by Plaintiffs was causally connected to any purported breach of fiduciary duty by any of the Defendants.

## 7. MOTIONS

### a. Procedural Motions

#### i. Defendants' Response

At the appropriate time, Defendants intend to move to strike Plaintiffs' jury demand. The ERISA claims Plaintiffs bring in this case are equitable in nature, and Plaintiffs accordingly do not have a right to a jury trial.

### b. Dispositive Motions

#### i. Plaintiffs' Response

At this time, Plaintiffs do not intend to move for summary judgment on any of their claims.

#### ii. Molina Defendants' Response

On August 23, 2022, the Molina Defendants moved to dismiss Plaintiffs' claims against the Molina Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 60. Plaintiffs' opposition to the motion is due on September 16, 2022 and the Molina Defendants' reply is due on September 23, 2022. ECF No. 66. The motion is set for a hearing on October 7, 2022. *Id.*

The Molina Defendants expect to move for summary judgment at the appropriate time, in accordance with the deadlines set by the Court. The Molina

Defendants believe that all claims alleged by Plaintiffs, to the extent they are not dismissed, may potentially be determined by summary judgment.

### iii. NFP's Response

On August 23, 2022, NFP moved to dismiss Plaintiffs' claims against NFP pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 58. Plaintiffs' opposition to the motion is due on September 16, 2022, and NFP's reply is due on September 23, 2022. ECF No. 66. The motion is set for a hearing on October 7, 2022. *Id*.

NFP expects to move for summary judgment at the appropriate time, in accordance with the deadlines set by the Court.

## c. Class Certification Motion
### i. Joint Response

The Parties agree that Plaintiffs will file their class certification motion on or before January 17, 2023.[2] They propose the following briefing schedule: Defendants will file their responses by February 14, 2023, and Plaintiffs will file their reply by February 28, 2023. Plaintiffs will notice the class certification hearing for March 31, 2023, or for the earliest available date after March 31, 2023, if that date is unavailable.

## 8. ADR
### a. Prior Discussions

The Parties have not engaged in any settlement discussions to date. Until the motions to dismiss are resolved and substantial discovery has been completed, the Parties will not be in a position to discuss settlement.

### b. ADR Selection

The Parties jointly select "ADR-3" (private mediation at the parties' expense)

---

[2] January 17, 2023 is the first day the Court is open on or after January 14, 2023, which is 120 days from the mandatory settlement conference scheduled for September 16, 2022.

for this case under Local Rule 16-15.4. They will attempt to resolve this case through private mediation at least ten weeks before the final pretrial conference.

9. **TRIAL**

   a. **Proposed Trial Date**

   The Parties agree that this is a matter of "high level" complexity, as described in the Court's August 26, 2022 Mandatory Scheduling Conference Order. ECF No. 67. It is an ERISA fiduciary breach case that implicates numerous defendants. Based on the experience of the Parties' counsel in other, similar actions, they agree that a trial date in December 2023—near the middle of the court's presumptive 12-to-18 month range—is realistic. They jointly propose a trial date of December 11, 2023.[3]

   b. **Time Estimate**

   The Parties jointly request ten court days for trial. Plaintiffs presently contemplate calling approximately 15 live witnesses, including named Plaintiffs, current and former employees of Defendants and flexPATH, and several expert witnesses. Defendants presently plan to call their own expert witnesses and—depending on Plaintiffs' trial witness list—may call additional fact witness of their own. Given the complexity of the underlying subject matter, the presence of multiple defendants, the need to present testimony from multiple expert witnesses, and the nature of the documentary evidence in ERISA fiduciary breach cases such as this one, the Parties reasonably estimate that the trial will require ten court days.

   c. **Jury or Court Trial**

   i. **Plaintiffs' Response**

   Plaintiffs are seeking a jury trial.

---

[3] The Parties' proposed trial date is calculated from defendants' August 2022 response dates. Although Molina's original response date was April 12, 2022, NFP was added to the case later, and its original response date was August 12, 2022 (later extended to August 23, 2022, by stipulation). Plaintiffs have also indicated an intent to file a Second Amended Complaint adding flexPATH as a defendant.

   **ii.**  **Defendants' Response**

As noted above in Section 7(a), Defendants intend to file a motion to strike Plaintiffs' jury demand at the appropriate time.

  **d.**  **Magistrate Judge**

The parties do not consent to try this case before a magistrate judge.

  **e.**  **Trial Counsel**

   **i.**  **Plaintiffs' Response**

Nathan D. Stump (to be admitted *pro hac vice*), who is Counsel with Schlichter Bogard & Denton LLP in St. Louis, Missouri, will be the lead counsel for Plaintiffs at trial and at all proceedings going forward, as contemplated in the Court's Standing Order (ECF No. 70). He will be assisted at trial and throughout the pendency of this case by co-counsel Kurt C. Struckhoff, who is also Counsel with the same firm. Should this case proceed to trial, Plaintiffs may add additional lawyers to their trial team.

   **ii.**  **Molina Defendants' Response**

David Tetrick (*pro hac vice*) and Darren Shuler (*pro hac vice*) are co-lead counsel for the Molina Defendants, and represent the Molina Defendants along with Jeanne Fugate and Benjamin Watson (*pro hac vice*), all of the law firm King & Spalding LLP. Should this case proceed to trial, the Molina Defendants may add additional lawyers to their trial team.

   **iii.**  **NFP's Response**

Catalina Vergara and Meaghan VerGow (*pro hac vice*) are lead counsel for NFP, and they are assisted by Patrick Plassio (*pro hac vice*) and Kevin Kraft, all of the law firm of O'Melveny & Myers LLP. Should this case proceed to trial, NFP may add additional lawyers to its trial team.

10. **SPECIAL REQUESTS**

The Parties have reviewed the Court's general pretrial dates, and, working backwards from their proposed trial date of December 11, 2023, respectfully propose the following pretrial dates:

| **Pretrial Event** | **Time Before Pretrial Conference** | **Date** |
|---|---|---|
| Class Certification Motion Deadline | 47 weeks | January 17, 2023 (120 days after scheduling conference) |
| Fact Discovery Deadline | 24 weeks* | June 5, 2023 |
| Initial Expert Disclosures | 20 weeks* | July 3, 2023 |
| Rebuttal Expert Disclosures | 16 weeks* | July 31, 2023 |
| Expert Discovery Deadline | 14 weeks | August 14, 2023 |
| Discovery Motions Deadline | 14 weeks | August 14, 2023 |
| Non-Discovery Motions Deadline | 12 weeks | August 28, 2023 |
| ADR Deadline | 10 weeks | September 11, 2023 |
| Trial Filings (1st Set) | 4 weeks | October 23, 2023 |
| Trial Filings (2nd Set) | 2 weeks | November 6, 2023 |
| Pretrial Conference | N/A | November 20, 2023 (three weeks before trial) |
| Trial | N/A | December 11, 2023 |

\* These dates deviate from the Court's standard pretrial dates. The parties agree that staging fact and expert discovery in this manner would be beneficial, to allow for the

16                      PARTIES' RULE 26(f) REPORT
                                  8:22-CV-01813-SB-GJS

close of fact discovery before the simultaneous exchange of initial expert disclosures and, later, rebuttal expert disclosures.

Dated: September 6, 2022

By:   */s/ Kurt C. Struckhoff*
Kurt C. Struckhoff (*pro hac vice*)
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter (SBN 054513)
Nathan D. Stump (*pro hac vice* pending)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
kstruckhoff@uselaws.com
jschlichter@uselaws.com
nstump@uselaws.com

*Counsel for Plaintiffs*

William H. Edmonson (SBN 243445)
will@whelawfirm.com
LAW OFFICE OF WILL EDMONSON
9157 Sunset Boulevard, Suite 213
West Hollywood, CA 90069
Telephone: (424) 248-9581

*Local Counsel for Plaintiffs*

By:   */s/ Catalina Vergara* (w/consent)
Catalina Vergara
O'MELVENY & MYERS LLP
CATALINA VERGARA (S.B. #223775)
cvergara@omm.com
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

*Attorneys for Defendant*
*NFP Retirement, Inc.*

|     |     |
| --- | --- |
| By: | */s/ Jeanne A. Fugate* (w/consent) |
|     | Jeanne A. Fugate |
|     | KING & SPALDING LLP |
|     | Jeanne A. Fugate (SBN 236341) |
|     | jfugate@kslaw.com |
|     | 633 West Fifth Street Suite 1600 |
|     | Los Angeles, CA 90071 |
|     | Telephone: +1 213 443-4355 |

*Attorneys for Molina Healthcare, Inc., The Board of Directors of Molina Healthcare, Inc., and The Molina Salary Savings Plan Investment Committee*

**SIGNATURE ATTESTATION**

Pursuant to L.R. 5-4.3.4 (a)(2)(i), I hereby attest that all other signatories listed above and on whose behalf this filing is submitted concur in the filing's content and have authorized this filing.

Dated: September 6, 2022                    By: /s/ Kurt C. Struckhoff